## VOLLHARDT, et v NORWOOD SASH & DOOR MFG CO

Ohio. Appeals, 1st Dist, Hamilton Co
No 3545.   Decided Feb. 17, 1930

Jackson A. Sparrow, Cincinnati, and Frank A. Roberts, Steubenville, for Vollhardt, et.

Malcolm McAvoy and D. R. Tate, both of Cincinnati, for Sash & Door Co.

ROSS, J.

While the proceeding to enforce the mechanic's lien is governed by statute, it has been repeatedly held that such cause of action is equitable in its nature.

The allegations of the petition, unquestionably, if proved, would taint the transaction involved with fraud. It is not necessary that the word "fraud" be used in the pleadings, if the allegations state fraud. This being the case, the court considering the application of a remedy in equity, confronted with allegations in the petition amounting to a charge of fraud, should be most liberal in the admission of evidence which would disclose all the incidents pertinent to the entire transaction.

The Vollhardts proved that Moran was an agent, and they sought, by introducing evidence of his statements, to substantiate the allegations of the petition. In this attempt, it was indicated, they were frustrated by the court, who took the view that such evidence could not be introduced, because it would vary the terms of a written contract by parol evidence. A proffert was made which shows substantially that such evidence was sought to be introduced.

Counsel for plaintiff in error have quoted from 2 Corpus Juris, 938, and we adopt the latter portion of this quotation as follows, and as being particularly applicable to the facts in this case.

"Thus, where the agency has been established by independent evidence, the declarations of the agent are competent to show that he acted as agent and not on his individual account, or to show the nature and extent of his authority. x x "

It would seem somewhat difficult to ascertain whether statements were made within the scope of employment, or authorized until the court knew what were the statements to be so tested. The court, by excluding the statements made by the admitted agent of the Company completely destroyed the defense, which may or may not have been a valid defense according as the facts developed authority to make the statements.

We think, therefore, that the exclusion of

the evidence was such prejudicial error as will require a reversal of the judgment, and we so hold.

The judgment is reversed, and the cause remanded to the court of common pleas for further proceedings according to law.

Cushing, PJ, and Hamilton, J, concur.